**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Charles Carr


        v.                          Civil No. 06-cv-380-JD


Bruce W. Cattell, Warden,
New Hampshire State Prison


### O R D E R

Before the Court for preliminary review is Charles Carr's
petition for a writ of habeas corpus (document no. 1) filed
pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing
Section 2254 Cases in the United States District Courts ("§ 2254
Rule") (requiring initial review to determine whether the
petition is facially valid).  As discussed herein, I find that
Carr has sufficiently demonstrated exhaustion to allow the
petition to proceed at this time.

### Background

Charles Carr was convicted, after a jury trial, of
kidnapping and three counts of aggravated felonious sexual
assault on October 29, 2002.  He was sentenced to 26-52 years at
the New Hampshire State Prison.  On December 19, 2002, Carr plead
guilty to a separate set of kidnapping and sexual assault charges

Dockets.Justia.com

and was given a concurrent 26-52 year sentence.  No appeal was taken of the jury's verdict, although Carr alleges that he had instructed his attorney to file an appeal, and believed that an appeal was being pursued on his behalf.

On August 12, 2004, Carr filed a motion to vacate his conviction and sentence on the first set of charges and a motion to withdraw his guilty plea and vacate his sentence on the second set of charges in the trial court.  The grounds raised and litigated in those motions were all based on Carr's allegation that trial counsel was ineffective.  The motions were denied on October 3, 2005.  Carr filed a notice of appeal in the New Hampshire Supreme Court.  The New Hampshire Supreme Court declined to accept the appeal on December 29, 2005.

Through counsel, Carr presents the following claims in his petition before this Court, all of which he alleges were initially presented to the state courts for consideration:[1]

1.    Trial counsel was ineffective because he failed to file an appeal despite petitioner's request that he do so;

---

[1]The seven claims identified in this Order will be considered to be the claims raised in the habeas petition for all purposes.  If the petitioner objects to the identification of the claims herein, he must do so by properly moving to amend his petition.

    2.    Trial counsel was ineffective because he failed to either object to the seating of a juror who knew the prosecutor socially or failed to utilize a peremptory challenge to remove the juror from the petitioner's jury;

    3.    Trial counsel was ineffective because he failed to call the state's criminalist to testify that no DNA evidence was found on any of the complainant's clothing and because counsel failed to engage an independent DNA expert;

    4.    Trial counsel was ineffective because he failed to investigate petitioner's alibi defense and instead chose to present a consent defense over petitioner's objection;

    5.    Trial counsel was ineffective when he prevented petitioner from testifying on his own behalf when petitioner wished to testify;

    6.    Trial counsel was ineffective because he coerced petitioner to plead guilty against petitioner's wishes;

    7.    Trial counsel was ineffective because he failed to pursue a motion to dismiss on double jeopardy grounds;

Petitioner appears in this Court and raises these claims in his petition through counsel. Although specific documentation demonstrating exhaustion has not been provided to this Court, counsel's representations implicitly state that these issues were fully exhausted in the state courts. For that reason, I will direct that the petition be served on the respondent and I will

require that the respondent answer in accordance with the § 2254 Rules.[2]

Accordingly, I direct that Carr's petition be served on the Respondent.  See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

---

[2]I note that the apparent delay between the finalization of Carr's conviction and the filing of any post-conviction pleading in the state court may present significant questions as to the timeliness of this petition which may need to be addressed in order for the petitioner to successfully pursue his claims in this Court.

4

after the petition, shall be served on all parties.  Such service
is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:      October 31, 2006

cc:      Paul J. Haley, Esq.