```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Charles Carr

   v.                                    Civil No. 06-cv-380-JD
                                          Opinion No. 2007 DNH 046

Warden, New Hampshire State Prison

## O R D E R

Charles Carr seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his state court conviction and sentence in 2002 on charges of kidnaping and sexual assault. The warden moves for summary judgment, asserting that the petition is untimely, under 28 U.S.C. § 2244(d)(1), and that it fails on the merits. Carr opposes summary judgment.

## Background

Carr was charged with kidnaping and sexual assault based on an incident in 1983 and another in 1984. In each incident, Carr took a woman from Massachusetts to his family's cottage in New Hampshire where he sexually assaulted her. In 1984, he was tried in Massachusetts on charges of kidnaping and sexual assault for the 1983 incident. He was convicted on the kidnaping charge but was acquitted on the sexual assault charge. Before he was tried

on the other charges and while on bail, he fled to Texas where he lived for the next seventeen years under assumed identities.

After he was apprehended in Texas, he was returned to New Hampshire for proceedings in state court on the outstanding charges against him. On October 29, 2002, he was convicted following a jury trial on one count of kidnaping and three counts of aggravated felonious sexual assault based on the charges from the 1984 incident. He was sentenced to twenty-six to fifty-two years in prison. He did not file an appeal so that his conviction became final in January of 2004. On December 19, 2002, he entered a guilty plea to one count of kidnaping and three counts of aggravated felonious sexual assault based on the 1983 incident. His sentences on those convictions were to be served concurrently with the sentences on the previous convictions.

In August of 2004, Carr filed motions to vacate the New Hampshire conviction on the 1984 charges and to withdraw his plea and sentences on the 1983 charges. He claimed that his trial counsel, Gregory Swope, was constitutionally ineffective, in part, for failing to file an appeal from his conviction on the 1984 charges. The state court held a two-day hearing on Carr's motions and denied the motions in a written order. Carr filed an appeal, which the New Hampshire Supreme Court declined to hear.

He filed his petition for habeas corpus relief in this court on October 13, 2006.

## Discussion

A one-year limitation period applies to petitions for habeas relief from a state court conviction and sentence. § 2244(d)(1). Unless one of the statutory exceptions applies, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Although the limitations time is tolled while post-conviction proceedings or collateral review is pending in state court, 2244(d)(2), once the limitation period has expired, it cannot be revived by a newly filed request for post-conviction relief. Trapp v. Spencer, ---F.3d ---, 2007 WL 613724, at *4 (1st Cir. Mar. 1, 2007).

The warden asserts that Carr's petition is untimely because the time expired in January of 2004 for Carr to appeal his convictions and he did not file his petition for relief under § 2254 until October of 2006. Carr concedes that his petition was filed after the limitations deadline. He asserts, however, that equitable tolling should apply in his case because his counsel failed to file an appeal while misleading Carr to believe an appeal had been filed.

3

Equitable tolling of the § 2244(d)(1) limitations period is available "in rare and extraordinary cases." Id. at *5. The reason for late filing is an important consideration in determining whether equitable tolling should apply, although ordinary mistakes and negligence are not grounds for tolling. Id. at *5-*6. The relevant factors for a court to consider in determining whether equitable tolling is appropriate include the petitioner's diligence in pursuing habeas or other post-conviction relief, whether extraordinary circumstances interfered in pursuing relief, whether the prosecution would be prejudiced, the relative merit of the habeas petition, and whether a death sentence is implicated in the case. Id. at *7.

Carr asserts that he is entitled to equitable tolling because his counsel, Gregory Swope, failed to file an appeal from his conviction on kidnaping and felonious sexual assault charges following the jury's guilty verdict. Carr argues that he asked Swope to file an appeal and Swope agreed to do so. He further asserts that he was deceived into believing that Swope had filed an appeal and, therefore, did not realize no appeal had been taken. Carr contends that Swope's failure to file an appeal under these circumstances are sufficient grounds to support equitable tolling.

Other courts have rejected the theory that ineffective assistance of counsel in post-conviction proceedings and specifically counsel's failure to seek post-conviction review in state court are grounds for equitable tolling absent extraordinary circumstances such as misrepresentation. See Marshall v. Golder, 166 Fed. Appx. 373, 374, 2006 WL 281094 (10th Cir. Feb. 7, 2006); Schleuter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004); Beery v. Ault, 312 F.3d 948 951-52 (8th Cir. 2002); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002); Anderson v. Reynolds, 2007 WL 888261, at *4 (S.D. Ala. Mar. 21, 2007); Milligan v. Belleque, 2007 WL 869669, at *3 (D. Or. Mar. 19, 2007). In this case, Carr cannot show that Swope misrepresented the circumstances of his direct appeal or that Carr himself used due diligence in pursuing an appeal.

At the hearing on Carr's motions, the state court heard testimony from Carr and Swope on the appeal issue. The state court found that Swope was forthright and credible as a witness and that his testimony was consistent with documentation of the events in question. In contrast, the court found that Carr was not a credible witness. The court concluded that Swope advised Carr of his right to appeal the conviction and sentence and of the relative merit or lack of merit in pursuing an appeal. "Based on that advice, [Carr] knowingly, intelligently and

voluntarily decided to forego an appeal." <u>State v. Carr</u>, Nos. 01-S-329-336, at *6 (Belknap Superior Court Oct. 3, 2005).

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1). The presumption of correctness may be overcome only by clear and convincing evidence.  <u>Id.</u>  To support his claim of ineffective assistance of counsel, Carr merely cites to parts of the hearing transcript, which is far from clear and convincing evidence to contradict the state court's findings.  Based upon the state court's findings that Carr knowingly, intelligently, and voluntarily decided not to pursue a direct appeal, his argument in support of equitable tolling fails.

Even if that were not the case, however, Carr did not show due diligence in pursuing a direct appeal or in pursuing federal habeas relief.  He does not show or even suggest that he inquired about his appeal between the time of his conviction in 2002 and August of 2004 when he filed motions in state court challenging his convictions and sentence or that he sought federal habeas relief until nearly four years after he was convicted.  Equitable tolling "is not available to rescue a litigant from his own lack

of due diligence."  Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004).

Because the record establishes that the untimeliness of Carr's petition for federal habeas relief was not the result of extraordinary circumstances, equitable tolling of the statute of limitations is not available.  The warden is entitled to summary judgment on the ground that the petition is untimely.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 6) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 3, 2007

cc: Paul J. Haley, Esquire
    NH Attorney General
    NH Department of Corrections
    Ann M. Rice, Esquire